IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAHZAD CHOUDRY SARWAR,<br><br>Petitioner,<br><br>vs.<br><br>JEROME KRAMER, (Sheriff Lincoln Count Det Cent);  IMMIGRATION AND CUSTOMS ENFORCEMENT, (ICE);  UNITED STATES IMMIGRATION AND CUSTOMS, (USCIS); and MARKWAYNE MULLIN, (Sec Homeland Sec);<br><br>Respondents. | **8:26CV343**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Shahzad Choudry Sarwar's Petition for Writ of Habeas Corpus.  Filing No. 1.  He argues he is being unlawfully held by Respondents without being afforded a bond hearing.  Filing No. 1 at 7.  Respondents move to dismiss the petition.  Filing No. 8.  Because Sarwar was afforded a bond hearing in immigration court, this Court is without authority to grant further relief.  Accordingly, the Court grants Respondents' motion and dismisses the petition.

## I.    BACKGROUND

Petitioner is a native and citizen of Pakistan.  Filing No. 10 at 3.  He entered the United States on October 6, 2024, on a B2 nonimmigrant visa, commonly known as a tourist visa.  Filing No. 10-4.  Petitioner's B2 visa expired April 5, 2025.  Filing No. 10-1 at 1; Filing No. 10-8.  On November 19, 2025, Petitioner was detained by Border Patrol for overstaying his visa and placed in removal proceedings.  Filing No. 10 at 3–4.  On December 18, 2025, an immigration judge conducted a bond hearing for Petitioner.  Filing No. 10-3 at 1.  The immigration judge denied Petitioner release on bond because it found

1

him to be a flight risk due to his lack of family and other ties to the community. Filing No. 10-3 at 3.

Petitioner filed an application for asylum in removal proceedings. Filing No. 10-5. On May 22, 2026, an immigration judge held a hearing, denied Petitioner's asylum application, and ordered him removed to Pakistan. Filing No. 10-6. Petitioner appealed that decision on June 22, 2026. Filing No. 10-7 at 2. Petitioner's appeal remains pending with the BIA. Filing No. 10 at 4.

Petitioner petitions for habeas corpus relief, arguing his detention is unlawful and he must be released. Filing No. 1.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Petitioner argues he is being unlawfully held by Respondents because he has not been afforded a bond determination. Filing No. 1 at 7. This Court has previously found that a non-citizen's detention without the opportunity for a bond violates his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). However, the evidence shows Petitioner *was* given a bond hearing, and bond was

denied based on the immigration judge finding Petitioner to be a flight risk. Filing No. 10-3 at 3. Accordingly, Petitioner has already been afforded the relief he seeks. To the extent his Petition can be read as requesting review of the bond denial, this Court lacks the authority to do so. 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien . . . .").

Petitioner also mentions he has been detained for eight months. While there is case law that detention beyond six months is presumptively unreasonable, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), this applies to post-removal detention during the period when the United States must attempt to effectuate removal. Here, because Petitioner's appeal to the BIA remains pending, his removal order has not yet become administratively final. *See* 8 U.S.C. § 1231(a)(1)(B) (explaining the removal period begins once "the order of removal becomes administratively final"). Accordingly, *Zadvydas* is inapplicable. This Court is without authority to grant Petitioner relief.

IT IS ORDERED:

1. Respondents' Motion to Dismiss, Filing No. 8, is granted.

2. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.

3. The Court will enter a separate judgment.

Dated this 6th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3